Austin, Texas
NO. 02-15-00241-CV

IN RE: Robert Gordon, TDCJ-CID# 319173                    Relator

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 30 2015

Abel Acosta, Clerk

ORIGINAL PROCEEDING

TRIAL COURT NO. 10085,10238W,22778,13,472

RELATOR'S MOTION FOR EXTENSION OF TIME

This is a Mandamus case brought by a Texas State Prisoner under the Texas Constitution Article 5, Section 3. This authority is also foumd in Article 4.04 (1) of the criminal procedures and Texas rule appellate procedure Article 52.1

The court of appeals, second District of Texas, in NO.02-15-00241-CV for rehearing reconsideration enbanc should be and is hereby denied and the opinion of July 2015 stands unchanged dated October 22, 2015. Relator seeks a motion for extension of time in which to file a rule 68 discretionary review petition before the court of criminal appeals in accordandance with rule 68.2 (A) (B) (C) rules of appellate procedures.

Relator Robert Gordon dead line for filing item is November 22 2015, Relator seeks an extension of time of (60) days. Relator has only had one motion for extension of time to file enbanc for reconsideration by the second court of appeal which was granted (see order of second court of appeals dated September 2, 2015.) On October 22, 2015 the court made no changes to the opinion of July 28, 2015.

Relator has not had time since the October 22, 2015 order in which to research and respond to the courts order and thereby seeks a extension of time to do so, and brief them issues before this court. Due to the fact that relator has been on "lock-down" confined to relator's cell due to security measures of the Wynne Unit's (6) month annual cell searche's

And shake down of all inmate offender's on the unit, which denied relator of access to the law library and ability of going to commissary to purchase stamps to mail out any legal correspondence to the court's which also cause relator of the ability to file any type of correspondence with the court's as relator's legal material's were confiscated by TDCJ-ID officer Burlin on October 14, 2015 in which relator did not receive back from the property room officer in over a two week time period.

Relator, was also impeded by the official's of Wynne unit by being locked-up in my cell during this two week cell search and after it was completed, by the electricity going out for another two weeks denying relator of lights to be able to see anything or being able to see good enough to write any legal matter's because relator didn't have lights to see good enough to do any legal research or legal work in prepering a motion for extension of time or the drafting of motion enbanc or for review by this honorable court of criminal appeals in order to draft any such relief to file to the court to review relator's legal issues that relator has been seeking review of by petition to the honorable court of criminal appeals, in Austin, Texas, as relator basisily was confined to relator's cell with out lights to see with out relator's legal material's and access to the court's rights to research the law and to have the ability to send any correspondence out any where because without my legal material I didn't have the ability to respond or file before the court the whole month and a half of denial of commissary privileges to purchase stamp's to send any mail out and the ability to send any correspondance out any where because of the lack of lights to see and being held in a cell not being able to go any where to do anything due to security purposes of the Wynne unit supervising warden. Relator has been impeded by these factor's.

Relator would show the court of criminal appeals, that relator will need the (60) days extension of time at the very least to attempt to be heard by relator's ability to file under rule 68 "Discretionary Review Petition of Appellate Procedures."

For these reason's relator respectfully moves this court for an extension of time in the interest of justice, for a extension of (60) days with in which to file in these instant actions or relator will suffer a manifest injustice. See Holland V. FLORIDA, 560 V.S. 631,645 (2010). As relator contends he is entitled to relief as relator's convictions are void and unconstitutional as a matter of law so holds.

Respectfully submitted,

Robert Gordon

Robert Gordon

TDCJ-CID#319173

Wynne Unit

810 FM 2821

Huntsville, Texas

77349